# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20702-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA

v.

JEAN-PHILIPPE ETIENNE,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Jean-Philippe Etienne's ("Defendant" or "Etienne") Motion for Reconsideration [D.E. 95]. This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 109]. The undersigned held a hearing on this matter on March 7, 2018 [D.E. 120]. For the reasons set forth below, the undersigned respectfully recommends that the Motion for Reconsideration be GRANTED.

On October 3, 2017, Etienne was charged in an Indictment with the following offenses:

Count 1:     Conspiracy to Commit Money Laundering from March 2013 through September 2014 in violation of 18 U.S.C. § 1956(h).

Count 25:    International Money Laundering on July 7, 2014 in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

Counts 45-48: Money Laundering on July 7, July 9, and July 11, 2014 in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Count 49:    Conspiracy to Commit Bank Fraud and Wire Fraud from March 2013 through September 2014 in violation of 18 U.S.C. § 1349.

Counts 73-76: Bank Fraud on July 3, July 8, and July 10, 2014 in violation of 18 U.S.C. § 1344.

1

See Indictment [D.E. 3].

On October 25, 2017, the Court set two bonds for Etienne, which he posted, and he was thereafter released [D.E. 47, 48]. On January 11, 2018, Etienne changed his plea pursuant to a plea agreement and pled guilty to Counts 1 and 49 of the Indictment, namely, Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h), and Conspiracy to Commit Bank Fraud and Wire Fraud in violation of Title 18, United States Code, Section 1349, respectively [D.E. 79, 81]. At the January 11th hearing, Defendant's counsel requested, *ore tenus*, that the Court allow Etienne to remain on bond pending sentencing, and the Government had no objection. See Transcript [D.E. 90 at 23-26]. The Court remanded Etienne into immediate custody. See Minute Entry [D.E. 79]; Transcript [D.E. 90 at 22]. On January 30, 2018, Defendant filed the instant Motion for Reconsideration [D.E. 95]. The Government did not file a Response, and at the March 7th hearing it indicated that it does not oppose Etienne's request.

Title 18, United States Code, Section 3143(a)(1) (hereafter, "Section 3143") provides, in pertinent part:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . .

18 U.S.C. § 3143(a)(1). After conviction, the defendant bears the burden of proving that he is not a flight risk or a danger to the community. United States v. Bonavia, 671 F. Supp. 752, 753 (S.D. Fla. 1987).

Based on the facts proffered by counsel for the Government and Defendant as officers of the Court and in accordance with the provisions of Section 3143, the undersigned makes the following findings of fact and offers the following statement of reasons for release:

1. Other than the instant offense, Etienne has no criminal history and no history of violence. Additionally, the instant case involves solely economic crimes, not crimes of violence.

2. Etienne's nuclear family—his mother, father and two siblings—resides locally. Although Etienne has extended family in the Dominican Republic, there is nothing to indicate that he would flee before sentencing. He does not have any international bank accounts or the financial means to flee.

3. Etienne has been cooperating with the Government throughout this case and plans to continue cooperation. He is scheduled to testify in his co-defendant's trial, which is set to commence on April 16, 2018.

Based on the foregoing, the undersigned concludes that Etienne has satisfied his burden of proving by clear and convincing evidence that he is not a flight risk and does not pose a danger to the community. Additionally, the undersigned finds reasonable the Probation Office's request that, if Etienne is released on bond, the bond be modified to include substance abuse testing and/or treatment.

## **RECOMMENDATION**

In accordance with the foregoing, the undersigned respectfully recommends that Etienne's Motion for Reconsideration [D.E. 95] be GRANTED and that Etienne be released on bond pending sentencing. The undersigned further respectfully recommends that Etienne's bond be modified to include substance abuse testing and/or treatment. Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See

Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3). However, the parties have indicated that they will not object to this Report and Recommendation.

RESPECTFULLY SUBMITTED in Miami, Florida this 8th day of March, 2018.

                                                ALICIA M. OTAZO-REYES
                                                UNITED STATES MAGISTRATE JUDGE

cc.    United States District Court Jose E. Martinez
       Counsel of Record